IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER KINNEY, Individually and on behalf
of all others similarly situated                                               PLAINTIFF

vs.                       CASE NO. 5:14-CV-05182

DOLE PACKAGED FOODS, LLC.                                                      DEFENDANT

## OPINION AND ORDER

Before the Court are Defendant Dole Packaged Foods, LLC's Motion to Transfer or Stay the Action (Doc. 12) pending resolution of a similar California case, and Plaintiff Christopher Kinney's Response in Opposition (Doc. 16). For the reasons set forth herein, Defendant's Motion to Transfer or Stay (Doc. 12) is **DENIED**.

### I. BACKGROUND

On June 18, 2014, Plaintiff filed this putative class action in this Court. The allegations in the Complaint stem from an "All Natural" label used in marketing and advertising Dole products, so that Defendant may charge a premium for its products. Plaintiff alleges that Dole has labeled its products deceptively because "they actually contain artificial ingredients and flavorings, artificial coloring and chemical preservatives." (Doc. 5, p. 8). Plaintiff contends that a product label cannot contain "All Natural Fruit" if it contains citric acid and ascorbic acid.

Plaintiff alleges six claims: (1) violations of the Arkansas Food, Drug, and Cosmetic Act, found at Ark. Code Ann. § 20-56-201, *et seq.*; (2) violations of the Arkansas Deceptive Trade Practices Act, found at Ark. Code Ann. § 4I-88-101, *et seq.*; (3) unjust enrichment;

(4) Breach of Implied Warranty of Merchantibility; (5) Breach of Express Warranty; and (6) Negligence.

On September 12, 2014, Defendant filed this Motion requesting a transfer of this matter to the Northern District of California, pending resolution of a nearly identical case, *Brazil v. Dole Packaged Foods, LLC*, 2014 WL 2702726 (N.D. Cal. June. 13, 2014), which is currently set for trial on January 20, 2015. In the alternative, Defendant requests that this Court stay this matter pending resolution of the claims in *Brazil*. Defendant states that the core allegation in *Brazil* is also that Dole unlawfully labeled some of its food products "All Natural," when they actually contain artificial ingredients. While the *Brazil* court has already certified a nationwide class for purposes of injunctive relief, the court declined to expand the class of consumers outside the state of California for purposes of awarding damages. Defendant asserts that under the first-filed rule, in the interest of judicial economy, this Court should transfer the instant matter to the Northern District of California given the numerous overlapping substantive issues. Defendant contends that doing so will eliminate duplicative discovery and conserve the resources of both the parties and the judiciary.

## II. DISCUSSION

### A. MOTION TO TRANSFER

Defendant argues that litigating this matter in the Northern District of California would significantly reduce any inconveniences for Defendant and witnesses, and conserve judicial resources. First, both actions involve the same parties, as Plaintiff is included in the class action for injunctive relief and both actions allege the improper use of an "All

Natural" label against the same defendant. Second, no witness other than Plaintiff resides in Arkansas. Third, judicial economy supports one court deciding the overlapping issues in both *Brazil* and the instant matter.

Motions to transfer are governed by 28 U.S.C. § 1404(a), which provides that a district court may transfer any civil action to another district court for the convenience of the parties and witnesses, and in the interest of justice. Considerations relevant to the interest of justice factors under § 1404(a) include Plaintiff's choice of forum, judicial economy, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflicts of law issues, and the advantages of a local court determining questions of law. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). However, courts are not limited to these factors and enjoy wide discretion when determining whether to transfer a case. *Id.* at 691.

In cases of concurrent jurisdiction, it is well established that "the first court in which jurisdiction attaches has priority to consider the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citing *Orthmann & Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). Courts have considered three factors when determining whether to apply the first-filed rule: (1) chronology of actions; (2) similarity of the parties; and (3) similarity of the issues. *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The first-filed rule is not a rigid, mechanical, or inflexible rule; instead, the rule should be applied in a manner that best serves the interests of justice. *Nw. Airlines, Inc.*, 989 F.2d at 1005. "The prevailing standard is that in the absence of

compelling circumstances, the first-filed rule should apply." *Id.* (internal citations and quotation marks omitted).

Defendant provides several district court cases in support of its Motion to Transfer; however, these are distinguishable from the instant matter. In the cases cited by Defendant, a ruling in the transferee court would either have been dispositive of the action, or the other jurisdiction included the plaintiff in a nationwide class. For example, Defendant cites to *In re Coca-Cola Prods. Mktg. and Sales Practices Litig. (No. II)* for the premise that a transfer will eliminate duplicative discovery and prevent inconsistent pretrial rulings, especially with respect to class certification. 2014 WL 3896027, at *1 (J.P.M.L. Aug. 7, 2014). However, the *Brazil* court has already determined that it will not include a nationwide class regarding damages—the main relief requested in Plaintiff's Complaint. In *HRB Tax Group, Inc. v. Nat'l Union Fire Ins. Co. Of Pittsburgh, PA*, a Missouri district court transferred a case to New York, in which both actions sought a declaratory judgment regarding obligations as to insurance coverage, where all parties were afforded the same relief in either forum. 2012 WL 4363723 (W.D. Mo. Sept. 12, 2012). Defendant also cites to *Shared Memory Graphics LLC v. Apple, Inc.*, in which this district granted a transfer where patent infringement was at issue. 2010 WL 5151612 (W.D. Ark. May 27, 2010). However, that case involved an issue of federal law, while the Plaintiff in this case asserts issues of state law. Finally, in *Koehler v. Pepperidge Farm, Inc.*, which Defendant also cites in support of its argument, the court transferred a case involving issues of California state law to a district court in Colorado, but did so because the Colorado case was a

nationwide class action that included the California plaintiff. 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013). Here, the *Brazil* court does not include Plaintiff in the damages action.

It is clear that the *Brazil* case was filed prior to the instant matter and includes substantively similar factual allegations. While it is likely that the majority of Defendant's witnesses are located in the Northern District of California, Defendant only offers conclusory statements to that effect and does not name any witnesses. Moreover, these are not the only factors that the Court must consider. For example, while the Court is free to transfer a case to another district regardless of whether Arkansas law is at issue, this Court has an interest in determining questions of Arkansas law. The *Brazil* court has declined to certify a nationwide class on damages, reasoning that "the other 49 states each have an interest in applying their own law." *Brazil*, 2014 WL 2466559, at *13. Here, because Plaintiff seeks damages rather than an injunction in his Complaint, Plaintiff may not be afforded an adequate remedy if this matter is transferred to the Northern District of California.

Because the first-to-file rule is discretionary, the Court finds that a transfer of this action involving alleged substantive Arkansas law is improper, and therefore, Defendant's Motion to Transfer is denied.

### B. MOTION TO STAY

In the alternative, Defendant requests that this Court stay this matter pending resolution of the claims in *Brazil*. The Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). How to best manage the Court's docket "calls for the exercise of judgment, which

must weigh competing interests and maintain an even balance." *Id.* at 254-55. A court may stay an action to maximize the effective use of judicial resources and to minimize the possibility of conflicts between different courts. *Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*, 720 F.Supp.2d 1061, 1068 (W.D. Ark. 2010) (citing 5C CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1360 (3rd ed. 2004)). A motion to stay may be warranted when a similar action is pending in another court. *Id.*; *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir.1995).

Defendant provides several cases in support of its Motion to Stay the case; however, these are distinguishable from the case at bar. Each case cited by Defendant involved a decision in one jurisdiction that would have created a binding precedent on a question of law and been dispositive of the case in another jurisdiction. The decision of the *Brazil* court will not create binding precedent on a legal issue—as *Brazil* involves the interpretation of California law, and this case involves the interpretation of Arkansas law—and would not otherwise be dispositive of this case.

For example, in *Nesbit v. Fornaro*, the Nevada district court stayed an action its court when a similar action was pending in state court regarding violations of federal securities law. 2011 WL 1869917 (D. Nev. Mar. 31, 2011). Similarly, in *Mitsubishi Heavy Indus., Ltd. v. Gen. Elec. Co.*, an Arkansas district court stayed an action involving a defendant obtaining patents by fraud while a Texas court made rulings in the underlying patent infringement case. 720 F. Supp.2d at 1071. In *Lopez v Tyson Foods, Inc.*, a Nebraska district court stayed a case while the Multidistrict Litigation Panel was considering whether to consolidate several cases that concerned the Fair Labor Standards

Act. 2008 WL 4186242 (D. Neb. Sept. 8, 2008). Further, in *Home Owners Mgmt. Servs., Inc. v. ProHome Int'l, LLC.*, a Minnesota district court stayed its case for 30 days so that counsel could determine whether to pursue the action in a single forum. In that case, lawsuits had been filed in both Kansas and Minnesota, regarding the violation of the same settlement agreement that arose in Minnesota and under Minnesota law. 2004 WL 2697269 (D. Minn. Nov. 22, 2004).

Here, a stay is not warranted because, regardless of the resolution of class certification issues in *Brazil*, this Court will be required to consider whether to certify the case at bar as a class action for claims arising under Arkansas law.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant Dole Packaged Foods, LLC's Motion to Transfer or Stay the Action (Doc. 12) is **DENIED**.

**IT IS SO ORDERED** this 23rd day of October, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE