IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER KINNEY, individually and on
behalf of all others similarly situated                                    PLAINTIFF

v.                              CASE NO. 5:14-cv-05182-TLB

DOLE PACKAGED FOODS, LLC                                           DEFENDANT

## <u>MEMORANDUM OF LAW IN SUPPORT OF DOLE PACKAGED FOODS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>

### INTRODUCTION

This is a "no-injury" lawsuit, one of six prosecuted by class counsel in this district[1] and a copycat of 48 identical food "misbranding" actions filed in the Northern District of California. In fact, Mr. Kinney's claims are an exact replica of regulatory infractions charged in one of those cases—*Brazil v. Dole Packaged Foods, LLC*. Both plaintiffs claim that the same Dole fruit products are "misbranded" because they bear the statement "All Natural Fruit" and contain citric acid and ascorbic acid, allegedly "unnatural" ingredients. Like all of class counsel's suits, neither Mr. Brazil nor Mr. Kinney allege that Dole's products are contaminated, adulterated, or contain something different than promised: instead, they assert purely "legal," hypothetical

---

[1] The five other cases are: *Craig v. Twinings N. Am., Inc.*, Case No. 5:14-CV-05214-TLB (tea products allegedly misbranded based on antioxidant label statements); *Gabriele v. ConAgra Foods, Inc.*, Case No. 5:14-CV-05183-TLB (canned tomato products allegedly misbranded based on "100% Natural" and "free of artificial flavors or preservatives" statement); *Center v. Ocean Spray Cranberries, Inc.*, Case No. 5:14-cv-05211-TLB (juice products allegedly misbranded based on "No Sugar Added" claims); *Welsher v. Frito-Lay N. Am., Inc.*, Case No. 5:14-cv-05154 (chip products allegedly misbranded due to "All Natural," "0g Trans Fat," & "No MSG"); and *Bennett v. Bumble Bee Foods, LLC*, Case No. 5:14-cv-5218 (tuna fish products allegedly misbranded based on "Rich in Natural Omega 3" and "Excellent Source of Omega 3" statements).

harms.  But the plaintiff in *Brazil* pursued this theory to the merits, and lost.  The court found that there was simply no evidence of deception or "misbranding."[2]

Ignoring *Brazil*, Mr. Kinney proceeds with his copycat case, hoping for a more accommodating forum.[3]  But he pleads the exact same allegations that ultimately proved insufficient.  This Court need not wait to reject this theory.  It should enter judgment on the pleadings for three reasons.

First, Plaintiff has not pled plausible claims for relief.  Mr. Kinney offers no objective definition of the term "natural," fails to explain why the ingredients he challenges are "unnatural," fails to suggest his subjective interpretation would be shared by reasonable consumers, and fails to clarify how reasonable consumers relied on—or were deceived by—this statement.  Nor has he pled his fraud-based claims with the level of particularity Rule 9(b) requires.

Second, none of Plaintiff's causes of action states a viable claim.  In particular, this Court recently dismissed the Arkansas Deceptive Trade Practices Act (ADTPA) claims in *Craig v. Twinings*—one of the other food misbranding cases pending in this district—for failure to allege legally cognizable injury.  This case suffers from the same defect, and more.

---

[2] *See Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 WL 6901867 (N.D. Cal. Dec. 8, 2014).  In a separate ruling, the court also found that the plaintiff failed to present a viable damages model under *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013), and that decertification of the plaintiff's damages class was therefore required.  *See Brazil v. Dole Packaged Foods, LLC*, No. 12-CV-01831-LHK, 2014 WL 5794873 (N.D. Cal. Nov. 6, 2014).  Both of these rulings, as well as the court's earlier orders granting Dole's motions to dismiss the plaintiff's unjust enrichment claims and rejecting his "illegal product theory," are currently on appeal.  *See Brazil v. Dole Packaged Foods, LLC*, Case No. 14-17480 (9th Cir. filed Dec. 17, 2014).

[3] *See, e.g.*, Hadley Robinson, *Plaintiffs, Hit with "Food Court" Setbacks, Seek Greener Pastures*, Daily Journal, May 13, 2014 (noting that, after losing a case in the Northern District of California, class counsel filed a similar lawsuit in Arkansas state court soon after dismissal because "'[n]o decisions have been made at this point to particular cases.'").

<u>Third</u>, Plaintiff lacks Article III standing to pursue claims related to products he did not purchase. You can't be injured by what you didn't see.

For these reasons, and because any amendment would be futile, the Court should grant Dole's motion for judgment on the pleadings. By doing so, it would also moot Plaintiff's motion for class certification, which fails for the reasons stated in Dole's concurrently filed opposition.[4]

## FACTUAL BACKGROUND

In this suit, Mr. Kinney seeks certification of a class of "Arkansas residents who purchased any Dole Fruit Products labeled as 'All Natural.'" (First Amended Complaint ("FAC") at 1.) Plaintiff specifically challenges nine Dole fruit products: five he actually purchased (*id*. ¶ 2)[5] and four "substantially similar products" (*id*. ¶ 4),[6] which he claims Dole represents as "All Natural." (*Id.* ¶ 5.) This is false, he contends, because the products contain citric acid and ascorbic acid, which he claims are "unnatural ingredients under Arkansas law." (*Id.*) The products are "misbranded" and "legally worthless" as a result. (*Id.* ¶ 8.) Plaintiff claims he was injured by paying a premium because of Dole's "All Natural Fruit" labels (*id.* ¶¶ 19, 27, 44) and that he would not have purchased the products had he known they were "not capable of being legally sold or held." (*Id.* ¶ 68.)

Plaintiff alleges that these regulatory infractions violate the Arkansas Food, Drug, and Cosmetic Act (AFDCA), Ark. Code Ann § 20-56-201, *et seq.* (*id* ¶ 7), which he seeks to

---

[4] *See* accompanying Opposition to Class Certification.

[5] These products include Dole's Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz. cans), Dole Tropical Fruit in 100% Juice (4 oz. cups), Dole Mixed Fruit in 100% Fruit Juice (4 oz. cups), Dole Diced Peaches in 100% Fruit Juice (4 oz. cups), and Dole Mandarin Oranges in 100% Fruit Juice in the state of Arkansas (4 oz. cups). (FAC ¶ 2.)

[6] According to Plaintiff, the unpurchased products include: Diced Apples in 100% Fruit Juice (4 oz. cups), Diced Pears in 100% Fruit Juice (4 oz. cups), Pineapple Tidbits in 100% Pineapple Juice (4 oz. cups), and Red Grapefruit Sunrise in 100% Juice (4 oz. cups). (FAC ¶ 4.)

vindicate through five state law claims: (i) violations of the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101, *et seq.*: (ii) unjust enrichment; (iii) breach of implied warranty of merchantability; (iv) breach of express warranty; and (v) negligence.  Mr. Kinney prays for damages, restitution, disgorgement, pre-and post-judgment interest, fees, and costs. (FAC at 21.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A party may challenge a plaintiff's complaint for failure to state a plausible claim to relief in filing a motion for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(h)(2)(B); *see also St. Paul Ramsey Cnty. Med. Ctr. v. Pennington Cnty., S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988) ("A defense of failure to state a claim may be raised in [a motion for judgment on the pleadings] [] and we employ the same standard that we would have employed had the motion been brought under Rule 12(b)(6).") (citing Fed. R. Civ. P. 12(h)).

To withstand a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2).  A claim is facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citation and internal quotations omitted).  A plaintiff must

provide more than "'an unadorned, the defendant-unlawfully-harmed-me accusations.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because Plaintiff alleges that Dole engaged in a scheme of false advertising (*see, e.g.*, FAC ¶ 7), the entire FAC must be pled with particularity under Federal Rule of Civil Procedure 9 (b). *See Craig v. Twinings N. Am., Inc.*, No. 5:14-CV-05214, 2015 WL 505867, at *2 (W.D. Ark. Feb. 5, 2015) ("Rule 9(b)'s pleading standard applies with equal force to state consumer fraud statutes as to common law fraud claims.") (citing *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1536 (E.D. Mo. 1997), *aff'd*, *Briehl v. GMC*, 172 F.3d 623 (8th Cir. 1999)).

## ARGUMENT

## I.     PLAINTIFF FAILS TO ALLEGE PLAUSIBLE CLAIMS.

Plaintiff has not pled plausible claims. Nor has he pled his fraud-based claims with the level of particularity required by Rule 9(b).

### A.     Plaintiff's Claims Are Facially Implausible.

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because all of Plaintiff's state law claims are grounded in deception, if "'a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate.'" *Kelley v. Cape Cod Potato Chip Co.*, No. 14-00119-CV-W-DW, 2015 WL 363147 at *6 (W.D. Mo. Jan. 27, 2015) (quoting *Pelayo v. Nestle USA Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) ("All Natural" claims implausible as a matter of law where plaintiff failed to offer a plausible definition of the term)); *see also Figy v.*

*Frito-Lay N. Am., Inc.*, No. 13-3988 SC, 2014 WL 3953755, at *9-10 (N.D. Cal. Aug. 12, 2014) (dismissing "all natural" claims under California consumer protection statutes for lack of plausibility); *Balser v. Hain Celestial Grp., Inc.*, No. CV 13-05604-R, 2013 WL 6673617, at *2 (C.D. Cal. Dec. 18, 2013) (where "natural" claims were implausible as a matter of law and "defects in Complaint cannot be cured by amendment, dismissal with prejudice is appropriate").

Here, all of Mr. Kinney's state law claims hinge on the following premise: (1) Dole's "All Natural Fruit" label deceived consumers into believing that the *entire* contents of products were "all natural;" (2) because the products contain citric acid and ascorbic acid, which are "unnatural," the "All Natural Fruit" statement is false and misleading (*see, e.g.*, FAC ¶ 5); and (3) because the product labeling is false and misleading, the products are misbranded under the AFDCA. (FAC ¶ 7); *see also* Ark. Code Ann. § 20-56-209 ("A food shall be deemed to be misbranded . . . [i]f its labeling is false or misleading in any particular.") These claims are facially implausible for three reasons.

First, Plaintiff fails to provide a standardized, objective meaning of the term "natural." "Generalized, vague, and unspecified assertions constitute [statements] upon which a reasonable consumer could not rely and hence are not actionable." *Anunziato v. eMachines*, Inc., 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005); *Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 390-91 (8th Cir. 2004) ("vague or highly subjective claims of product superiority" are nonactionable puffery).

The FDA acknowledged the ambiguity of the word "natural" when it chose not to adopt a formal definition of the term in 1993. *See, e.g.,* 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993); *Brazil*, 2014 WL 6901867, at *4 ("FDA, the parties agree, has yet to promulgate a regulation defining the word 'natural' as it pertains to packaged food."). In doing so, the agency noted that it lacked

"specific direction to follow for developing a definition regarding the use of the term 'natural,'" and that consumers, experts, and scientists "provided a wide range of ideas" regarding potential definitions. 58 Fed. Reg. at 2407. FDA has not harmonized these wide-ranging definitions since. Thus, there are no binding regulations that define what "all natural" means or when it can be included on product labels.

Despite FDA's express statement that the meaning of "natural" is inherently subjective, Plaintiff claims that a reasonable consumer would not expect "synthetic, artificial, or excessively processed" ingredients in products labeled as "natural." (FAC ¶ 43.) "Consumers reasonably expect," he contends, that "products carrying an 'All Natural' claim must not contain any artificial flavoring, color ingredients, chemical preservatives, or artificial or synthetic ingredients, and be only minimally processed by a process that does not fundamentally alter the raw Products."[7] (Id.) But Mr. Kinney presents no facts to support these conclusory statements. Indeed, he fails to present *any* definition of the term "natural." What's more, Plaintiff fails to state why the ingredients he challenges—citric acid and ascorbic acid—are "unnatural," or why their presence in the Dole products would deceive consumer.[8] This is fatal. *See, e.g.*, *Figy*, 2014 WL 3953755, at *9-10 (finding "All Natural" claims implausible as a matter of law where

---

[7] USDA's test of "natural" includes an additional requirement, that the food can be only "minimally processed." *See* USDA, Meat and Poultry Labeling Terms, *available at* http://www.fsis.usda.gov/wps/wcm/connect/e2853601-3edb-45d3-90dc-1bef17b7f277/Meat_and_Poultry_Labeling_Terms.pdf?MOD=AJPERES (last visited March 5, 2014.) Dole's fruits contain no meat or poultry, hence, FDA's policy statement applies, not USDA's.

[8] Indeed, federal regulations suggest that consumers *would* expect citric acid and ascorbic acid to be included in the challenged Products. Federal organic regulations expressly permit foods labeled as "organic" to contain these ingredients. *See* 7 C.F.R. § 205.605; *Astiana v. Kashi Co.*, 291 F.R.D. 493, 508 (S.D. Cal. 2013) (noting that "consumers, including named plaintiffs, often equate 'natural' with 'organic' or hold 'organic' to a higher standard" in finding that if ingredients could be used in products labeled "organic," then "All Natural" has no common meaning). By Mr. Kinney's odd logic, if Dole's products were labeled as "Organic" rather than "All Natural Fruit," he would have no case.

plaintiff failed to define what "All Natural" means or why challenged ingredients were unnatural); *accord Kelly*, 2015 WL 363147, at *5 ("All Natural" claims implausible as a matter of law where Plaintiff offered implausible definitions of term and failed to demonstrate why the challenged ingredients were artificial or synthetic)). Mr. Kinney's "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678, are insufficient to state a claim.

Second, even if Plaintiff provided a definition of "natural" or indicated why citric acid and ascorbic acid are unnatural, his claim that he—or any reasonable consumer—believed Dole's fruit products were "*all* natural" is still implausible. The products do not state as such. The labels say "All Natural *Fruit*." Plaintiff does not allege that there is anything unnatural about Dole's "fruit." Nor could he, as this is an entirely truthful statement. *See, e.g.*, *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *10 (C.D. Cal. Apr. 11, 2011) (label statement "'With Garden Vegetables' is a truthful statement and therefore not actionable under California's reasonable consumer standard.") As the court held in granting summary judgment for Dole in *Brazil*, concluding that every aspect of Dole's fruit products are "all natural" based on the term "All Natural *Fruit*" requires a "non-literal interpretation of the label statement." *Brazil*, 2014 WL 6901867, at *5. Reasonable consumers would not make such a nonliteral leap.

That is especially true here, given that the products in question are canned and packaged fruit. No reasonable consumer would read the statement "All Natural Fruit" to mean that such "product[s] manufactured in mass,'" *Kelly*, 2015 WL 363147, at *4 (citing *Balser*, 2013 WL 6673617 at *1), are "all natural." Plaintiff provides no evidence suggesting otherwise: his own strained reading is not evidence a *reasonable* consumer would be deceived. *See Brazil*, 2014

WL 6901867, at *5 (finding plaintiff's singular interpretation of Dole's "All Natural Fruit" label, without more, insufficient to survive summary judgment).

Third, Plaintiff's claim that he did not know the products contained citric acid and ascorbic acid is wholly implausible in light of the clear disclosure of these ingredients on the product's ingredient list. The court in *Kelly* reached the same conclusion in a misbranding challenge to potato chips, finding that the ingredient list "ensur[ed] that consumers are given all the information they need to make an informed decision." 2015 WL 363147, at *6 (citing *Pelayo*, 989 F. Supp. 2d at 980 ("any ambiguity regarding the definition of 'All Natural' with respect to [the product] is clarified by the detailed information contained in the ingredient list."); *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253 at *10 (N.D. Cal. Sept. 19, 2013) ("Because the labels clearly disclosed the presence of the [allegedly unnatural ingredients], it is not plausible that Plaintiffs believed, based on Defendant's [ ] 'all natural' representations, that the [product] did not contain [the challenged ingredients]")). "Plaintiff's assertion that she was deceived by [d]efendants' labeling," the court found, "is contradicted by the full disclosure of the challenged ingredients by [d]efendants." *Id*. The defendants' "federally-compliant ingredient label" defeated the plaintiff's consumer protection claims. *Id.*

The court's reasoning in *Kelly* applies with full force here. To the extent there is any ambiguity in the term "All Natural Fruit," that ambiguity is clarified by Dole's ingredient list, which lists the type of fruit and fruit juice in the products, as well as citric and ascorbic acid, as ingredients within. [9] To the extent Plaintiff alleges he was duped by the presence of these ingredients, his claim is contradicted by the full disclosure of these ingredients in Dole's federally mandated ingredient list.

---

[9] Indeed, the ingredient list indicates that ascorbic acid is added to the products to "promote color retention." (FAC, Ex. 1 at 4.)

Here, where Plaintiff: (1) challenges an inherently vague term and fails to provide *any* definition of the statement; (2) adopts a nonliteral interpretation of the challenged statement; and (3) ignores full disclosure of challenged ingredients on product packaging, his claims that reasonable consumers would be deceived by Dole's labels are implausible as a matter of law. Judgment on the pleadings is required. *See Balser*, 2013 WL 6673617, at *2.[10]

## B. Plaintiff Fails to Plead His Claims With the Requisite Particularity Under Rule 9(b).

In asserting that Dole's "All Natural Fruit" labels are misleading and deceptive, Plaintiff must meet the stringent requirements of Rule 9(b). *Craig*, 2015 WL 505867, at *2. Averments of fraud must be accompanied by "'the who, what, where, when, and how of the alleged fraud.'" *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1110 (D. Minn. 2009) (citation omitted). Plaintiff's claims fail this test for two reasons.

First, Plaintiff provides no facts stating what is misleading about the term "All Natural Fruit" or why the term is false. As described above, Plaintiff fails to advance *any* definition of the statement, nor does he state what he subjectively believed it to mean. And, while he claims citric acid and ascorbic acid are unnatural (FAC ¶ 41), he never describes "what the offending ingredients are [or] what is unnatural about them."[11] *Figy*, 2014 WL 3953755, at *9. Plaintiff's conclusory assertions that citric acid and ascorbic acid are unnatural do not meet Rule 9(b)'s stringent requirements. *See id.*, at *9-10 (dismissing "All Natural" claims because "[i]t is

---

[10] For these same reasons, Plaintiff's claims are also atypical and raise a myriad of individual issues. Class certification is also unwarranted. If this Court enters judgment on the pleadings with respect to these claims, Plaintiff's motion for class certification will be moot.

[11] Plaintiff suggests that these ingredients are "unnatural" under Arkansas law. (FAC ¶ 5.) But he fails to cite any Arkansas law in support. He also claims that Dole's products contain "artificial ingredients and flavorings, artificial coloring and chemical preservatives." (*Id.* ¶ 41.) But he fails to clarify whether citric acid or ascorbic acid is an artificial ingredient, artificial flavor, artificial color, or chemical preservative. In fact, he does not explain how the acids would meet *any* of these definitions.

insufficient under Rule 9(b) to simply assert, no matter how foreign or synthetic-sounding an ingredient's name might be, that an ingredient is unnatural.") (citing *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1138 (N.D. Cal. 2014); *Chin v. Gen. Mills*, No. 12-2150 (MJD/TNL), 2013 WL 2420455, at *9 (D. Minn. June 3, 2013) (dismissing "100% Natural" and "Natural" claims where plaintiffs failed to specify how they were deceived or what they believed the labels to mean)).

Second, Plaintiff fails to allege reliance or causation with particularity. Each of his claims requires a showing that he relied upon the alleged deception and that such reliance caused damage.[12] But rather than explain how he was misled by the term "All Natural Fruit," Mr. Kinney simply alleges that, "a reasonable person would attach importance to Defendant's misrepresentations and material omissions in determining whether to purchase the products at issue." (FAC ¶ 67.) His assertion is nothing more than a bare conclusion. What did Dole misrepresent or materially omit from its product labels?[13] Why would reasonable consumers

---

[12] *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 667 (8th Cir. 2009) (affirming dismissal of ADTPA case where the plaintiff could not establish that "injury followed from a particular" deceptive practice); *Ciba-Geigy Corp. v. Alter*, 834 S.W.2d 136, 147 (Ark. 1992) (reliance is an element of an express warranty claim); *Thompson v. Bayer Corp.*, No. 4:07CV00017 JMM, 2009 WL 2424352, at *3 (E.D. Ark. Aug. 6, 2009) (refusing to certify class for unjust enrichment claim due to required individualized inquiries); *Ouachita Wilderness Inst., Inc. v. Mergen*, 947 S.W.2d 780, 784 (Ark. 1997) (holding that negligence requires showing of proximate causation); *Lakeview Country Club, Inc. v. Super. Prods.*, 926 S.W.2d 428, 431 (Ark. 1996) (holding that claim for breach of implied warranty of merchantability requires showing of proximate causation).

[13] Indeed, Plaintiff implies that Dole's labels are false and misleading because they lack affirmative disclosures related to the presence of "unnatural" ingredients. (*See, e.g.*, FAC ¶ 24 (under Arkansas law, "failure to disclose the presence of risk-increasing nutrients is deceptive"); *id.* ¶ 65 ("Plaintiff was led to believe that the Dole Fruit Products [he] purchased did not contain unnatural ingredients" because "none were listed"); *id.* ¶¶ 45-47 (alleging Dole violated A.C.A § 20-56-209 due to inadequate disclosures).) These vague assertions fail Rule 9(b)'s particularity requirement. Moreover, to the extent Plaintiff argues that Dole should have disclosed that the products were "misbranded" (*see, e.g.*, *id.* ¶ 51 ("Defendant had a duty to disclose the true nature of [its] Misbranded Food Products and failed to abide by that duty")), this theory has been

care? How were they deceived? Plaintiff does not say. Courts repeatedly find such conclusory allegations insufficient. *See, e.g.*, *Brazil*, 2013 WL 5312418, at *9 (dismissing identical claims under California law where plaintiff failed to allege reliance or causation with particularity under Rule 9(b)); *Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1084 (E.D. Ark. 2013) (plaintiff failed to allege "how she relied on such advertising in deciding to purchase her television"); *Perez v. Volkswagen Grp. of Am., Inc.*, No. 2:11-CV-02289, 2013 WL 1661434, at *9 (W.D. Ark. Apr. 17, 2013); *White v. Volkswagen Grp. of Am., Inc.*, No. 2:11-CV-02243, 2013 WL 685298, at *8 (W.D. Ark. Feb. 25, 2013).

This Court should enter judgment on the pleadings because Plaintiff's claims are implausible, and for failing to meet Rule 9(b)'s requirements.

## II.    PLAINTIFF'S STATE LAW CLAIMS ARE FATALLY DEFICIENT.

### A.    Plaintiff Fails to Allege "Actual Damages" under the ADTPA.

To maintain a private right of action under the ADTPA, plaintiff must assert "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act." *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 384 S.W.3d 540, 552 (Ark. Ct. App. 2011). As stated by the Supreme Court of Arkansas, "[a]ctual damage or injury [under the ADTPA] is sustained when the product has actually malfunctioned or the defect has manifested itself." *Wallis v. Ford Motor Co.*, 362 Ark. 317, 328 (2005). "Where the only alleged injury is the diminution in value of the product, [however] a private cause of action is not cognizable." *Id.* (in alleging payment of a premium for a

---

universally rejected. *See, e.g.*, *Brazil v. Dole Food Co.*, No. 12-CV-01831-LHK, 2013 WL 5312418, at *10 (N.D. Cal. Sept. 23, 2013) ("[Plaintiff] does not cite, and the Court has not found, any authority to support the counterintuitive proposition that a product's label must disclose the fact of its own illegality"); *see also Kane*, 2013 WL 5289253, at *9 n.6 ("Plaintiffs have not alleged that Defendant had a duty to disclose or identified the basis for this duty."); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1143 (9th Cir. 2012) (manufacturer's duty to disclose only triggered when there is an unreasonable safety hazard).

defectively designed car, plaintiff failed to state an ADTPA claim: he did not allege personal injury or property damage, nor did he claim that the vehicle malfunctioned).

Plaintiff fails the *Wallis* standard for two reasons.

First, Mr. Kinney repeatedly alleges that he paid a premium for Dole products because, he claims Dole represented they were "All Natural." (*See, e.g.,* FAC ¶ 19 (alleging Dole "charged a premium by making products seem healthier than they were in reality"); *id.* ¶ 27 ("Consumers have paid a premium price for products they believed contained 'All Natural' ingredients); *id.* ¶ 40 (Dole's label "adds a premium to food products and makes [the products] appear fresher, minimally processed, and safe").) But Plaintiff's "price premium" theory is not cognizable under the ADTPA. *Wallis*, 362 Ark. at 328: Plaintiff alleges a mere "diminution in value" because the products are allegedly "unnatural" rather than claiming they malfunctioned or were defective.[14] That is not allowed.

Indeed, this Court dismissed the ADTPA claims in *Craig v. Twinings*, 2015 WL 505867, at *8—one of the six food misbranding claims pending in this district—for this exact reason. There, the plaintiff claimed she was damaged due to having paid a premium for misbranded tea products. *Id.* Citing *Wallis*, the Court affirmed that the ADTPA does not recognize such harm, as "'[plaintiff's] only injury is the diminution in value of the product.'" *Id.* (citing *Wallis*, 363 Ark. at 328). The same is true here. Plaintiff thus fails to state a claim under the ADTPA.

Second, Plaintiff's additional claim that the products are "legally worthless," and "cannot be legally sold, possessed, and have no economic value" (FAC ¶ 63), also fails to give rise to a legally cognizable injury under the ADTPA. Mr. Kinney fails to explain how the *legal* status of

---

[14] Plaintiff's "price premium" theory also fails under Rule 9(b). He offers no facts in support. How much of a premium? As compared to which products? His conclusory allegations fall flat.

fruit products he purchased and consumed without incident or physical injury caused him *economic* harm. The best he can muster is that "a reasonable person" would "attach importance to whether Defendants' products are 'misbranded,' i.e., legally salable, and capable of legal possession." (*Id.* ¶ 62.) But this is just his opinion. Mr. Kinney offers no facts to show that the vague regulatory infractions he alleges resulted in any actual economic injury. His opinion that Dole's products are "legally worthless" (*id.* ¶ 14) is nonactionable. *See Craig*, 2015 WL 505867, at *8.

This Court reached the same result in *Craig*. As with Mr. Kinney, the plaintiff in *Craig* alleged that, in addition to paying a premium, she purchased tea products that were deceptively labeled and therefore illegal to sell or possess under Arkansas law—e.g. "'legally worthless.'" *Craig*, 2015 WL 505867, at *3. Like her 'price premium" theory, the Court held that this "illegal product theory" did not result in "actual damages as contemplated by the [ADTPA]." *Id.* at *9. The Court explained that, unlike cases in which a product was found to be "'not at all what the defendant represented,'" *id.* (quoting *M.S. Wholesale Plumbing, Inc. v. Univ. Sports Publ'ns Co.*, No. 4:07CV00730SWW, 2008 WL 900022, at *3-4 (E.D. Ark. Jan. 7, 2008)), the plaintiff's alleged injuries arose from mere regulatory violations. *Id.* "In the instant case, [the plaintiff] paid for tea and received tea. The Court cannot find, therefore, that this product was not at all what defendant represented." *Id.*

The Court should reach the same conclusion here. As in *Craig*, Mr. Kinney paid for Dole fruit products and received Dole fruit products. The goods he consumed were not tainted, spoiled, or contaminated. He does not allege that the presence of citric acid or ascorbic acid harmed him in any way. Plaintiff's alleged violation of some unknown "natural" standard based on ingredients that he does not allege are harmful fails to demonstrate that Dole's product were

"not at all what [Dole] represented." *Id.* at *9. Plaintiff's "illegal product theory" falls far short of legally cognizable ADTPA harm.[15]

Plaintiff has no claim to monetary relief based on his price premium or "illegal product" theories. This Court should enter judgment on the pleadings against Plaintiff's ADTPA claims.[16]

### B. Plaintiff Fails to Allege A Claim for Unjust Enrichment.

To state an unjust enrichment claim under Arkansas law, Plaintiff must demonstrate that Dole received something of value from Plaintiff to which it is not entitled, and that Dole must restore. *Varner v. Peterson Farms*, 371 F.3d 1011, 1018 (8th Cir. 2004) (citing *Guaranty Nat'l Ins. Co. v. Denver Roller, Inc.*, 854 S.W.2d 312, 317 (Ark. 1993)); *White,* 2013 WL 685298, at *9. The benefit Dole retains must be "unjust": "One who is free from fault cannot be held to be unjustly enriched . . ." *Varner*, 371 F.3d at 1018. Moreover, unjust enrichment will lie only if

---

[15] Indeed, Courts facing identical claims in California have uniformly rejected class counsel's identical "illegal product theory." *See, e.g.*, *Bruton v. Gerber Prods Co.*, No. 12-CV-02412-LHK, 2014 WL 172111, at *9 (N.D. Cal. Jan. 15, 2014); *Pardini v. Unilever U.S., Inc.*, 961 F. Supp. 2d 1048, 1059-60 (N.D. Cal. 2013); *Figy v. Amy's Kitchen*, No. CV 13-03816 SI, 2013 WL 6169503 (N.D. Cal. Nov. 25, 2013); *Leonhart v. Nature's Path Foods, Inc.*, No. 13-CV-00492-BLF, 2014 WL 6657809, at *4 (N.D. Cal. Nov. 21, 2014); *Kane*, 2013 WL 5289253, at *9-10; *Maxwell v. Unilever U.S., Inc.*, No. 5:12-CV-01736-EJD, 2014 WL 4275712, at *7-8 (N.D. Cal. Aug. 28, 2014); *Swearingen v. Amazon Preservation Partners, Inc*., No. 13-cv-04402-WHO, 2014 WL 1100944, at *2-3 (N.D. Cal. Mar. 18, 2014); *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2013 WL 5513711, at *6 (N.D. Cal. Oct. 4, 2013); *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726, at *18 (N.D. Cal. June 13, 2014); *Pratt v. Whole Foods Mkt. Cal., Inc.*, No. 5:12-CV-05652-EJD, 2014 WL 1324288, at *8 (N.D. Cal. Mar. 31, 2014); *Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2014 WL 1028881, at *7 (N.D. Cal. Mar. 14, 2014); *De Keczer v. Tetley USA, Inc.*, No. 5:12-CV-02409–EJD, 2014 WL 4288547, at *8-9 (N.D. Cal. Aug. 28, 2014); *Thomas v. Costco Wholesale Corp*, No. 5:12-CV-02908-EJD, 2014 WL 1323192, at *6-7 (N.D. Cal. Mar. 31, 2014); *Bishop v. 7-Eleven, Inc.*, 37 F. Supp. 3d 1058, 1066-67 (N.D. Cal. 2014). *Bishop* is currently on appeal before this Court. *See Bishop v. 7-Eleven, Inc.*, No. 14-15986 (filed May 19, 2014).

[16] As set forth in Dole's concurrently-filed opposition to class certification, Plaintiff also fails to present a viable damages model consistent with the Supreme Court's requirements in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) based on these same deficiencies.

Plaintiff's remedies at law are inadequate. *Am. Investors Life Ins. Co. v. TCB Transp., Inc.*, 849 S.W.2d 509, 511 (Ark. 1993).

Plaintiff's unjust enrichment claim fails on all three grounds here.

First, Plaintiff fails to allege the most basic elements of an unjust enrichment claim: receipt of a benefit *from* Plaintiff. He contends that he purchased Dole products from grocery stores and third-party retailers. (FAC ¶ 64.) But he presents no facts suggesting that Dole retained an unjust benefit from these purchases. This is fatal. *White*, 2013 WL 685298, at *9 (no unjust enrichment where defendant received no monetary benefit from plaintiff based on her third-hand purchase). Plaintiff cannot premise an unjust enrichment claim upon his own alleged loss. *See Deutsche Bank Nat'l Trust Co. v. Austin*, 385 S.W.3d 381, 388 (Ark. Ct. App. 2011) ("'recovery for unjust enrichment is based upon what the person enriched has received rather than what the opposing party has lost'") (quotation omitted). Without any facts suggesting Dole received a direct benefit from Plaintiff's purchases, Mr. Kinney's unjust enrichment claim fails as a matter of law.[17]

Second, Plaintiff alleges no facts suggesting that any benefits Dole retained from its sales were "unjust." As described above, he presents no evidence that Dole's labels were in any way deceptive or unlawful. *Varner*, 371 F.3d at 1018. Dole was not *unjustly* enriched.

Third, Plaintiff's statutory remedies and common law claims provide him adequate legal remedies for his alleged injuries. His equitable claim for unjust enrichment, which is entirely duplicative of these legal remedies, is accordingly prohibited. *Ark. State Med. Bd. v. Schoen*, 1 S.W.3d 430, 433 (Ark. 1999) ("It is axiomatic in our jurisprudence that if an adequate remedy

---

[17] Because Mr. Kinney's unjust enrichment claim is inconsistent with his theory of liability, it also fails *Comcast*. Dole opposes this claim its concurrently-filed opposition to class certification for this reason as well.

at law exists, no irreparable harm can result so as to warrant equity jurisdiction, and equity as a result is deprived of jurisdiction."); *Varner*, 371 F.3d at 1018 (affirming lower court's dismissal of unjust enrichment claims because there was "a valid, legal, and binding contract"); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 967 (N.D. Cal. 2013) (dismissing unjust enrichment claim that duplicated plaintiff's statutory and tort remedies because "'plaintiffs cannot assert unjust enrichment claims that are merely duplicative of statutory or tort claims.'") (citation omitted).[18]

This Court should enter judgment on the pleadings against Plaintiff's unjust enrichment claims.

## C.     Plaintiff Fails to Allege a Breach of Implied Warranty of Merchantability.

To prevail on an implied warranty of merchantability theory under Arkansas law, a plaintiff must prove "that the product sold to him was not merchantable, *i.e.*, [not] fit for the ordinary purpose for which such goods are used." *E.I. Du Pont de Nemours & Co. v. Dillaha*, 659 S.W.2d 756, 758 (Ark. 1983).

Plaintiff's allegations fall far short of this requirement.   In challenging Dole's "All Natural Fruit" label, Mr. Kinney seeks recovery for a product description, not a promise of performance.  *See, e.g.*, *Hairston v. S. Beach Beverage Co.*, No. CV12-1429-JFW (DTBx), 2012 WL 1893818, at *6 (C.D. Cal. May 18, 2012) (rejecting warranty claims because "all natural with vitamins" label was a product description rather than promise).   His claim that Dole impliedly warranted that its products "[could] be lawfully sold and possessed" fares no better.

---

[18] Courts facing similar unjust enrichment claims that duplicate legal remedies for alleged "misbranding" have reached the same result.  *See, e.g.*, *Pardini v. Unilever U.S., Inc.*, 961 F. Supp. 2d 1048, 1060 (N.D. Cal. 2013); *Goldemberg v. Johnson & Johnson Consumer Cos.*, No. 13-cv-3073 (NSR), 2014 WL 1285137, at *13 (S.D.N.Y. Mar. 27, 2014). *See also In re Apple and AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).

(FAC ¶¶ 96, 100.)  Here, there is no "legal" violation, and even if there was, it would not harm Mr. Kinney or render the products unfit.

This Court's holding in *Craig* again controls.  Like Mr. Kinney, the plaintiff in *Craig* asserted a breach of implied warranty of merchantability by alleging that defendant's tea products were misbranded and thus illegal to sell or own.  2015 WL 505867, at *9.  The Court rejected this theory:  "[b]ecause [the plaintiff] has not alleged that the products lack even the most basic degree of fitness for the ordinary use, such as consuming the tea as a beverage, her implied warranty claim fails." *Id.* at *9 n.4.[19]

As in *Craig*, Mr. Kinney fails to allege any facts demonstrating that the Dole products he purchased "lack even the most basic degree of fitness for ordinary use." *Id.*  These fruit products are meant to be consumed.  Plaintiff does not allege that the products he purchased were contaminated, inedible, unsafe, or in any other way unfit for consumption.  He fails to state a plausible claim for breach of implied warranty of merchantability.

This Court should enter judgment on the pleadings against Plaintiff's breach of implied warranty of merchantability claims.

### D. Plaintiff Fails to State a Claim for Breach of Express Warranty.

To state a breach of express warranty claim, Plaintiff must show that Dole made an "affirmation of fact or promise [] which relates to the goods and [] express[ly] warrant[s] that the

---

[19]  Courts facing similar allegations are in accord.  *See, e.g.*, *Swearingen v. Amazon Preservation Partners, Inc.*, No. 13-cv-04402-WHO, 2014 WL 3934000, at *1-2 (N.D. Cal. Aug. 11, 2014); *Bohac v. Gen. Mills, Inc.*, 12-cv-05280-WHO, 2014 WL 1266848, at *10 (N.D. Cal. Mar. 26, 2014) (dismissing implied warranty of merchantability claim where plaintiff did not allege that the accused granola bars "were not edible or contaminated"); *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (dismissing implied warranty of merchantability claim where plaintiff did not allege that Hansen's diet soda is not suitable for use as a diet soda). *See also Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 542-43 (D.N.J. 2011) (bath products were fit for their ordinary purposes notwithstanding advertising claims that they helped babies sleep).

goods shall conform to the affirmation or promise." *Ciba-Geigy Corp.*, 309 Ark. at 447 (citing Ark. Code Ann. § 4-2-313(1)(a) (Repl. 1991)). "An affirmation of the seller's opinion or commendation," however, "does not create an express warranty." *Id.* (citing Ark. Code Ann. § 4–2–313(2) (Repl. 1991).

The FAC fails this standard for two reasons.

First, Plaintiff's challenge to Dole's "All Natural Fruit" label does not implicate an "affirmation of fact or promise." *Id.* As described above, "All Natural Fruit" is a product description, not a promise of a performance. *Hairston*, 2012 WL 1893818, at *6. Plaintiff provides no facts suggesting reasonable consumers would interpret "All Natural Fruit" to expressly warrant that Dole's product is free of any "artificial ingredients." (FAC ¶ 108.) Because there is no common definition of the term "natural," Mr. Kinney's claim that Dole's "All Natural Fruit" statement constitutes an express warranty is wholly implausible. *See, e.g.*, *Pelayo*, 989 F. Supp. 2d at 980 (dismissing "All Natural" claims where "Plaintiff failed to allege either a plausible objective definition of the term 'All Natural' or her subjective definition of the term [] that is shared by the reasonable consumer").

Second, even if Dole's "All Natural Fruit" label conveyed an express "affirmation of fact," there is no breach. As described above, the statement is literally true: Dole's products contain all natural fruit, and Plaintiff does not allege or show otherwise. Moreover, Plaintiff makes no showing that the ingredients he challenges are in any way "artificial" such that Dole's "affirmation" would be untrue. Mr. Kinney fails to state a plausible claim even under his strained construction.

This Court should grant Dole's motion and enter judgment on the pleadings against Plaintiff's breach of express warranty claims.

### E. Plaintiff Fails to State a Claim for Negligence.

Under Arkansas law, violation of a statute alone does not constitute negligence *per se*. *Central Okla. Pipeline, Inc. v. Hawk Field Servs., LLC*, 400 S.W.3d 701, 712 (Ark. 2012) (citing *Shannon v. Wilson*, 947 S.W.2d 349 (Ark. 1997)). For this reason alone, the Court should reject Plaintiff's attempt to hold Dole "strictly liable" for alleged labeling violations. (*See* FAC ¶ 122.)

Plaintiff otherwise fails to assert a plausible claim for negligence. To do so, he "must prove that [Dole] owed a duty to [him], that [Dole] breached that duty, and that the breach was the proximate cause of [his] injuries." *Yanmar Co. v. Slater*, 386 S.W.3d 439, 449 (Ark. 2012). Mr. Kinney's claims fall short. His conclusory recitation of familiar negligence principles does not meet Rule 8's plausibility standard. (FAC ¶¶ 120-21.) And his allegations that Dole breached a duty by failing to "lawfully label" its products or "disclose material facts" (*Id.* ¶ 120) fail as a matter of law. *See, e.g.*, *Brazil*, 2013 WL 5312418, at *10 (rejecting deception claims premised on lack of disclosures). There is no breach.

Accordingly, this Court should enter judgment on the pleadings against Plaintiff's negligence claims.

## III. PLAINTIFF LACKS STANDING TO PURSUE CLAIMS RELATED TO PRODUCTS HE NEVER PURCHASED.

A plaintiff must plead and prove "injury in fact," causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Injury in fact" requires damage to "a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal citations omitted). Plaintiff cannot satisfy these requirements.

In addition to challenging Dole products he actually purchased, Mr. Kinney purports to bring claims related to Dole products he never purchased, consumed, or otherwise possessed.

(FAC ¶¶ 3-4.)  But Plaintiff could not possibly have suffered any "concrete" or "actual" injury related to products he never purchased or consumed.  *Lujan*, 504 U.S. at 560-61.  Plaintiff lacks standing to pursue these claims.  *See Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5206103, at *5 (S.D. Fla. Sept. 13, 2013) (relying on *Lujan* to find named plaintiff lacked Article III standing to "raise claims relating to . . . products which he did not purchase" because there is no injury-in-fact as to those products, even if he purchased a substantially similar product); *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1394 (S.D. Fla. 2014) (same); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 U.S. Dist. LEXIS 6371, at *7-8 (N.D. Cal. Jan. 10, 2011) (plaintiff who bought Drumsticks® cannot prove that she "suffered any injury or lost money or property *with respect to [Dibs®] products*."), *aff'd*, 475 F. App'x 113 (9th Cir. 2012).

While Plaintiff suggests that the unpurchased products are "substantially similar" to those he did purchase (FAC ¶ 4), that is of no consequence.  Courts in this Circuit consistently reject plaintiffs' attempt to expand Article III standing to unpurchased products based solely on allegations that the products are similar or contain similar representations.  *See, e.g.*, *Chin*, 2013 WL 2420455, at *3-4 (rejecting argument that plaintiffs satisfied Article III standing with respect to unpurchased granola bar products containing similar "100% Natural" representation because "[p]laintiffs have not identified any case law from the Eighth Circuit or the District of Minnesota that would permit them to assert claims relating to products that they themselves did not purchase"); *Ferrari v. Best Buy Co.*, No. 14-2956 (MJD/FLN), 2015 WL 2242128, at *9 (D. Minn. May 12, 2015) (rejecting "substantial similarity" as basis for standing to challenge unpurchased products because "the Court finds no reason to divert from [the court's reasoning in *Chin*.]"); *see also Kelly*, 2015 WL 363147, at *8 (rejecting "substantial similarity" argument and

affirming that plaintiff was "neither personally nor actually harmed as to those twelve varieties" she did not buy); *accord Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ( "a plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, *although similar*, to which he has not been subject") (emphasis added).  Plaintiff's "substantial similarity" argument holds no weight.[20]

Plaintiff has not, and cannot, show that he was personally injured by products he did not see, buy, consume, or possess.  This Court should enter judgment on the pleadings with respect to all claims related to products other than the five products Plaintiff purchased.[21]

## CONCLUSION

For the foregoing reasons, Dole respectfully requests that the Court grant its Motion for Judgment on the Pleadings and enter judgment in its favor.

---

[20] Even if Plaintiff's "substantial similarity" argument was viable, Plaintiff fails to plead sufficient facts to support it.  His bare allegation that the four unpurchased products are "substantially similar" (FAC ¶ 4) falls flat.  *See, e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013) ("the Court cannot just assume that every one of the Non-Purchased Product's labels is actionable in the same way as the [purchased products]"); *Leonhart v. Nature's Path Foods, Inc.*, No. 5:13-CV-0492-EJD, 2014 WL 1338161, at *4 (N.D. Cal. Mar. 31, 2014) (plaintiff lacked standing to bring claims as to unpurchased products where she did not "allege that the products are substantially similar beyond having the same labeling statements").

[21] As explained in Dole's accompanying Opposition to Class Certification, Plaintiff is not a member of the class as to products he did not purchase.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas  72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
quattlebaum@qgtlaw.com
cpekron@qgtlaw.com
ryounger@qgtlaw.com


By: /s/ Chad W. Pekron
    Steven W. Quattlebaum, Ark. Bar No. 84127
    Chad W. Pekron, Ark. Bar No. 2008144
    R. Ryan Younger, Ark. Bar No. 2008209

*Attorneys for Dole Packaged Foods, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2015, I filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ Chad W. Pekron
Chad W. Pekron